FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 21  PM 4: 32

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRUCE SCHEWE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action **06-0881** |
| Vs. | * | |
| | * | JUDGE _____ |
| USAA CASUALTY INSURANCE | * | |
| COMPANY and USAA GENERAL | * | MAGISTRATE **SECT. R MAG2** |
| INDEMNITY COMPANY, | * | |
| | * | |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER

NOW INTO COURT, through undersigned counsel, comes, USAA Casualty Insurance Company (hereafter USAA CIC), sought to be made defendant herein, who appears for the purposes of answering the Petition filed by the plaintiff, and does, with respect, aver as follows:

### FIRST DEFENSE

The Petition fails to state a claim upon which relief can be granted as against USAA CIC.

### SECOND DEFENSE

Petitioner's claims against USAA CIC are preempted.

1

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

### THIRD DEFENSE

USAA CIC denies that any policy of insurance was issued by it wherein the named insured was Bruce V. Schewe for any property located at 26 Beresford Drive, Metairie, Louisiana 70001 or any property elsewhere and further denies that Mr. Schewe had any dealings at any time with USAA CIC.

### FOURTH DEFENSE

USAA CIC denies that it had any dealings with Mr. Schewe at all regarding insurance on his property at 26 Beresford Drive, Metairie, Louisiana 70001 or any other property.

### FIFTH DEFENSE

USAA CIC avers that it was not the agent, fiduciary, mandatory or broker of or for Mr. Schewe.

### SIXTH DEFENSE

Mr. Schewe's complaint fails to state a claim upon which relief can be granted as against USAA CIC.

### SEVENTH DEFENSE

USAA CIC is not a proper party to this litigation.

### EIGHTH DEFENSE

Petitioner has no right of action against USAA CIC.

### NINTH DEFENSE

Petitioner has no right to recover penalties, attorney's fees or costs.


AND NOW, FURTHER ANSWERING, USAA CIC responds to the specific, numbered paragraphs of the petition filed by the plaintiff as follows:

1.

The allegations of Paragraph 1 of the Petition are admitted.

2.

The allegations of Paragraph 2 of the petition are admitted.

3.

The allegations of Paragraph 3 of the petition do not call for an answer by USAA CIC, however, in an abundance of caution, those allegations are denied.

4.

The allegations of Paragraph 4 of the petition are denied except to admit that the United States District Court for the Eastern District of Louisiana is a court of proper jurisdiction and venue for this matter. Except as admitted, the allegations of Paragraph 4 of the petition are denied.

5.

The allegations of Paragraph 5 of the petition are denied insofar as they refer to USAA CIC. Further answering, USAA CIC is a separate corporate entity from USAA General Indemnity Company.

6.

The allegations of Paragraph 6 of the petition are denied insofar as they refer to USAA CIC.

7.

The allegations of Paragraph 7 of the petition are denied insofar as they refer to USAA CIC.

8.

The allegations of Paragraph 8 of the petition are denied insofar as they refer to USAA CIC.

9.

The allegations of Paragraph 9 of the petition are denied insofar as they refer to USAA CIC.

10.

The allegations of Paragraph 10 of the petition are denied insofar as they refer to USAA CIC.

11.

The allegations of Paragraph 11 of the petition are denied insofar as they refer to USAA CIC.

12.

The allegations of Paragraph 12 of the petition are denied insofar as they refer to USAA CIC.

13.

The allegations of Paragraph 13 of the petition are denied insofar as they refer to USAA CIC.

14.

The allegations of Paragraph 14 of the petition are denied insofar as they refer to USAA CIC.

15.

The allegations of Paragraph 15 of the petition are denied insofar as they refer to USAA CIC.

16.

The allegations of Paragraph 16 of the petition are denied insofar as they refer to USAA CIC.

17.

The allegations of Paragraph 17 of the petition are denied insofar as they refer to USAA CIC.

18.

The allegations of Paragraph 18 of the petition are denied insofar as they refer to USAA CIC.

19.

The allegations of Paragraph 19 of the petition are denied insofar as they refer to USAA CIC.

20.

The allegations of Paragraph 20 of the petition are denied insofar as they refer to USAA CIC.

21.

The allegations of Paragraph 21 of the petition are denied insofar as they refer to USAA CIC.

22.

The allegations of Paragraph 22 of the petition are denied insofar as they refer to USAA CIC.

23.

The allegations of Paragraph 23 of the petition are denied insofar as they refer to USAA CIC.

24.

The allegations of Paragraph 24 of the petition are denied insofar as they refer to USAA CIC.

25.

The allegations of Paragraph 25 of the petition are denied insofar as they refer to USAA CIC.

26.

The allegations of Paragraph 26 of the petition are denied insofar as they refer to USAA CIC.

27.

USAA CIC denies the allegations of Paragraph 27 regarding damage to Mr. Schewe's property for lack of sufficient information to justify a belief therein.

28.

The allegations of Paragraph 28 of the petition do not call for an answer by USAA CIC, however, in an abundance of caution, those allegations are denied for lack of sufficient information to justify a belief therein.

29.

The allegations of Paragraph 29 of the petition for damages are denied by USAA CIC insofar as they refer to USAA CIC. USAA CIC specifically denies that it had any dealings with Mr. Schewe or that it sent a representative or any other person to inspect his property.

30.

The allegations of Paragraph 30 of the petition for damages are denied for lack of sufficient information to justify a belief therein.

31.

The allegations of Paragraph 31 of the petition are denied for lack of sufficient information to justify a belief therein.

32.

USAA CIC denies that it had any dealings with Mr. Schewe on September 23, 2005 or at any other time; USAA CIC further denies the allegations of Paragraph 32 of the petition for lack of sufficient information to justify a belief therein.

33.

USAA CIC denies that it had any dealings with Mr. Schewe on November 2, 2005 or at any other time and further denies the allegations of Paragraph 33 of the petition for lack of sufficient information to justify a belief therein.

34.

USAA CIC denies that it had any dealings with Mr. Schewe on November 14, 2005 or at any other time and further denies the allegations of Paragraph 34 of the petition for lack of sufficient information to justify a belief therein.

35.

USAA CIC denies that it had any dealings with Mr. Schewe on November 2, 2005 or at any other time and further denies the allegations of Paragraph 35 of the petition for lack of sufficient information to justify a belief therein.

36.

USAA CIC denies that it had any dealings with Mr. Schewe on November 2, 2005 or at any other time and further denies the allegations of Paragraph 35 of the petition for lack of sufficient information to justify a belief therein.

37.

USAA CIC denies that it had any dealings with Mr. Schewe on November 2, 2005 or at any other time and further denies the allegations of Paragraph 37 of the petition for lack of sufficient information to justify a belief therein.

38.

USAA CIC denies that it owed any duty to Mr. Schewe and that it had any dealings with Mr. Schewe on November 2, 2005 or at any other time and further denies the allegations of Paragraph 38 of the petition for lack of sufficient information to justify a belief therein.

39.

USAA CIC denies that it has had any dealings with Mr. Schewe at any time, denies that it has any fiduciary duty to Mr. Schewe, and denies that it acted arbitrarily, capriciously or in bad faith; respondent further calls for strict proof.

40.

USAA CIC denies that it owed a fiduciary obligation to Mr. Schewe and further denies that it had any dealings with Mr. Schewe at any time.

41.

USAA CIC denies that it was a broker or fiduciary for Mr. Schewe and that it owed no duty to Mr. Schewe. USAA CIC further denies that it had any dealings with Mr. Schewe at any time.

42.

USAA CIC denies that it had any dealings with Mr. Schewe at any time. USAA CIC further denies that it owed any duties to Mr. Schewe or that it violated any duties owed to Mr.

Schewe particularly any duties outlined in LSARS 22:1220.

43.

The allegations of Paragraph 43 of the petition are denied.

44.

USAA CIC denies that Mr. Schewe has a right to a trial by jury.

Wherefore, the foregoing considered, USAA CIC, prays that this answer be deemed good and sufficient and that after due proceedings had that there be judgment rendered in its favor, dismissing the petition for damages filed by Mr. Schewe, with prejudice, at his cost, and for all other general and equitable relief.

Respectfully submitted,

*[signature]*
JAMES R. NIESET, JR., ESQUIRE (#24856)
PORTEOUS, HAINKEL & JOHNSON
704 Carondelet Street
New Orleans, LA 70130-3774
504-581-3838

**CERTIFICATE OF SERVICE**

**I DO HEREBY CERTIFY** that on this 21 day of February, 2006, a copy of the foregoing pleading was served on counsel for all parties to this proceeding by placing same in the United States Mail, properly addressed and the first class postage prepaid.

*[signature]*
JAMES R. NIESET, JR., ESQUIRE