UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **BRUCE V. SCHEWE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-881** |
| **USAA CASUALTY INSURANCE COMPANY et al.** | **SECTION "T"** |

### ORDER AND REASONS

Before the Court are the following motions: Plaintiff's Motion to Remand, Rec. Doc. No. 110, Defendant United Services Automobile Association's Motion to Dismiss Party Plaintiff's Petition and Amended Complaint, Rec. Doc. No. 106, and Defendant USAA Insurance Agency, Inc.'s Motion to Dismiss Pursuant to 12(b)(6), Rec. Doc. No. 107. These motions came before the Court on oral argument held on July 19, 2007. The Court, having considered the arguments of counsel as well as their respective briefs, the Court record, the law and applicable jurisprudence, is fully advised and ready to rule.

**I.    BACKGROUND**

Plaintiff Bruce Schewe had purchased insurance, including homeowners' insurance and flood insurance, from defendants USAA Casualty Insurance Company and USAA General Indemnity

Company since approximately 1979. Rec. Doc. No. 1, p. 1-2, ¶ 5. This dispute arises out of defendants' acts or omissions in failing to ensure that Mr. Schewe had adequate flood insurance coverage for his current home in accordance with his wishes. Plaintiff alleges that he built a new home in Metairie, Louisiana between 2001 and early 2002, and he asserts that he specifically instructed defendants that he wanted the maximum insurance coverage available for the home. Id. at p. 3, ¶ 13. Defendants allegedly procured flood insurance for the plaintiff on his home in the amount of $250,000 and repeatedly informed him that he had the maximum amount of flood coverage available. Id. at p. 4, ¶17. Plaintiff alleges that defendants failed to inform him, however, that he could obtain up to $100,000 of flood coverage for the contents of his home and supplemental flood insurance for the structure of his home, and defendants allegedly failed to procure this additional available coverage on his behalf. Id. at ¶26.

Plaintiff's home suffered substantial damage as a result of Hurricane Katrina, which struck the New Orleans area on August 29, 2005. Plaintiff alleges that he suffered approximately $110,000-$120,000 of uninsured losses as a result of defendants' failure to procure appropriate insurance coverage for him. Id. at ¶31. Plaintiff asserts that he first became aware that contents coverage and supplemental flood coverage were available only after Hurricane Katrina.

This case was filed in the Civil District Court for the Parish of Orleans, State of Louisiana on December 14, 2005 by plaintiff Bruce Schewe against USAA Casualty Insurance Company ("USAA CIC") and USAA General Indemnity Company ("USAA GIC"). Plaintiff asserted two state law tort claims: (i) that defendants breached a state law duty to procure insurance coverage that met plaintiff's needs; and (ii) that defendants violated a duty of good faith and fair dealing by failing

to address plaintiff's post-hurricane inquiries in an appropriate manner. Defendant USAA GIC removed the action to federal Court on February 21, 2006, asserting that the Court had both federal question and diversity jurisdiction. On that same date, defendant USAA CIC filed a consent to the notice of removal.  Rec. Doc. Nos. 1, 2.

On January 31, 2007, Magistrate Judge Wilkinson granted the plaintiff's Motion for Leave to File First Amended and Supplemental Complaint. Rec. Doc. No. 78.  Plaintiff was allowed to add defendants United Services Automobile Association ("USAA") and USAA Insurance Agency, Inc. ("Insurance Agency"). Rec. Doc. No. 79.  On April 17, 2007, USAA filed a motion to dismiss party plaintiff's petition and amended complaint,  Rec. Doc. No. 106, and USAA Insurance Agency filed a motion to dismiss. Rec. Doc. No. 107.  Subsequently, on June 12, 2007, the plaintiff filed a motion to remand to state court. Rec. Doc. No. 110.  The Court held a telephone status conference on June 25, 2007 setting these motions for oral argument and ordering that the motion to remand be heard first, as a determination of whether this Court has jurisdiction over the case is essential before considering other substantive motions.  Rec. Doc. No. 129.

**III.    MOTION TO REMAND**

**A.    1332 Diversity Jurisdiction**

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. See 28 U.S.C. §1441 (2006). The district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. See, 28 U.S.C. § 1332 (2006). For

diversity jurisdiction to attach, there must be complete diversity, *i.e.* the citizenship of every plaintiff must be diverse from the citizenship of every defendant. Strawbridge v. Curtiss, 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806).

This is the second Motion to Remand to be filed in this case.  See Rec. Doc. No. 5.  In resolving the first Motion to Remand, Judge Vance held that diversity jurisdiction existed in this case because defendants USAA GIC and USAA CIC were completely diverse from the Louisiana resident plaintiff, as each was incorporated in the State of Texas and had its principal place of business in the State of Texas, and the amount in controversy exceeded $75,000. Rec. Doc. No. 22. Because the Court found that federal jurisdiction existed on the basis of diversity under 28 USC §1332, the Court did not delve into a determination of whether federal question jurisdiction existed. Id.  However, additional defendants, USAA and Insurance Agency, were added to this suit after that time.

Because federal courts are courts of limited jurisdiction, the law provides that a court should remand a removal action to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. 1447(c).  Defendant USAA, added to this suit in February 2007, is a non-diverse party, as it is a citizen in every state in which it has members, including Louisiana.  As the addition of this non-diverse party would destroy complete diversity between the defendants and the plaintiff, plaintiff again seeks remand.  However, defendants aver that USAA was joined in the suit in order to defeat diversity jurisdiction.  Despite the presence of a non-diverse party, the federal court may retain jurisdiction should it conclude that the plaintiff improperly and without basis joined the non-diverse party. Smallwood v. Illinois Central Railroad

Co., 352 Fed. 3d 220, 222 (5th Cir. 2003).

To show improper joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood v. Illinois Railroad Co., 252 F.3d 220, 222-23 (5th Cir. 2003); See also, B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981).  Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" Smallwood, 352 F.3d at 223 (citing Jernigan v. Ashland Oil Inc., 989 F.2d 812, 816 (5th Cir. 1993)).  Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law." Rich III v. Bud's Boat Rentals, Inc., 1997 WL 785668, *2 (E.D. La. 2003) (citing Burden v. General Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995)(emphasis added)).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. Englande v. Glaxo Smithkline, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (citing Erdey v. American Honda Co., Inc., 96 F.R.D. 593, 595 (M.D. La. 1983)). The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants. Englande, 206 F. Supp. 2d at 819 (citing B., Inc., 663 F.2d at 545).  Any ambiguities are construed against removal, as the removal statute should be strictly construed in favor of remand. Englande, 206 F. Supp. 2d at 817 (citing Cavallini, 44 F.3d at 264).  Because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy

one.  Smallwood, 352 F.3d at 222.

Plaintiff argues that he can state a viable claim against USAA, as it should be held liable for the acts and omissions "of its employees" that form the basis for his claims.  Plaintiff notes "[b]ecause this case does not concern a policy of insurance that some entity of USAA issued to plaintiff, but instead relates to coverage that plaintiff desired and requested but that some person (or multiple persons) employed by some arm of USAA did not act upon, it is significant to determine which company (of the various USAA[ ] entities) employed the representative(s) who communicated with plaintiff, provided him with incorrect information and refused to follow plaintiff's instructions." Rec. Doc. No. 110-2, p. 17 (emphasis added).

Defendants argue that plaintiff cannot state a claim against USAA because plaintiff is aware that USAA was not a party to the flood policy, nor did USAA or its agents or employees have anything to do with his requests in July 2005 for maximum coverage under the flood policy. Rec. Doc. No. 112, p. 4. Defendants note that in the sworn interrogatory responses, USAA GIC stated that the individuals the plaintiff spoke to in July 2005 were managed, supervised and directed by USAA Insurance Agency, Inc. and were employees of USAA Insurance Agency, Inc. See Rec. Doc. No. 112, Exhibit A, Affidavit of Michael Broll.  Indeed, the flood policy itself states that USAA General Indemnity Company issued the Standard Flood Policy, Flood Insurance Renewal Notice, and that USAA Insurance Agency, Inc. was the agent for the policy.  Plaintiff's only argument that USAA was a party to this policy is the indication at the top of the policy page displaying the USAA logo. [Rec. Doc. No. 1-2, p. 24].  This policy was attached to the plaintiff's original complaint.

The Fifth Circuit, on appeal from the United States District Court for the Southern District

of Mississippi, has already squarely addressed this issue. See Keszenheimer v. United Services Auto. Ass'n, 78 Fed.Appx. 333 (5th Cir. 2003).[1] In that case, plaintiff appealed from the district court's judgment dismissing defendant United Services Automobile Association, ("USAA"), the same USAA now appearing before this Court. Id. The district court dismissed USAA as fraudulently joined and denied the plaintiff's motion to remand. Id. The Fifth Circuit affirmed the district court for the following reasons: (1) There was sufficient evidence to establish that USAA and USAA Life were separate entities; (2) There was no evidence to warrant the piercing of the corporate veil; and (3) USAA had established that there was no basis for believing that the plaintiff could recover from it in state court, as USAA was not a party to the insurance policy at issue. Id. The Court finds the Keszenheimer case directly on point. Id.

There is sufficient evidence in this case to establish that USAA and USAA Insurance Agency, Inc. are separate entities. The corporate veil piercing theory is typically implemented to disregard the concept of corporate separateness when a juridical person is used to "defeat public convenience, justify wrong, protect fraud, or defend crime." In re Ark-La-Tex Timber Co., Inc., 482 F.3d 319, 335 (5th Cir. 2007)(citing Smith v. Cotton's Fleet Serv., Inc., 500 So.2d 759, 762 (La.1987)). Likewise, when a group of affiliated corporations constitute a single business enterprise, a court may "disregard the concept of corporate separateness and extend liability to each of the affiliated corporations" for the purpose of preventing fraud or achieving equity. Id. (citing Brown v. Auto. Cas. Ins. Co., 644 So.2d 723, 727 (La. Ct. App. 1st Cir. 1994); Lee v. Clinical Research Ctr.,

---

[1] Pursuant to 5th Circuit Rule 47.5, this case was not published, and is not precedent. However, this Court finds the case persuasive as the issues and at least one of the parties are identical.

889 So.2d 317, 323 (La. Ct. App. 4th Cir. 2004)).

In the plaintiff's own Amended Complaint, it is established that USAA is an unincorporated association with members in each of the fifty states, and USAA Insurance Agency, Inc. is a corporation existing under the laws of Texas, with its principal place of business in Texas. Rec. Doc. No. 79, p. 2, ¶ 45. There is no allegation in the complaint that the two operate as a single entity, and the evidence confirms this. The Court noted in <u>Keszenheimer</u> that the two entities maintained separate bylaws, separate boards of directors, separate officers and filed separate tax returns. 78 Fed.Appx. at 333. Each of the USAA entities in question here are separate and distinct corporate legal entities, with their own separate boards of directors and their own insurance licenses. Rec. Doc. No. 112, Exh. A, Rec. Doc. No. 117, Exh. B. The plaintiff has made no clear and convicting showing that the USAA affiliates are under- capitalized or that their distinct corporate structures, as set up legally under Texas law, should be disregarded. The plaintiff avers that the use of a single toll-free telephone number that routes customers to the different entities, as well as the use of logos and stationary headings create sufficient commingling between the entities to disregard their separateness. While it may have been confusing to the plaintiff as to which USAA entity was which, their individual structures are perfectly legal and further investigation by the plaintiff into these corporate structures could have cleared the confusion. Therefore, there is insufficient evidence, let alone "clear and convincing evidence" in this case that equity would be served by disregarding the sanctity of corporate entities in favor of a "single business enterprise."

Finally, the plaintiff is unsuccessful in stating any independent basis for recovery against USAA as it was clearly not a party to the insurance contract. USAA General Indemnity Company

issued the policy in question and USAA Insurance Agency, Inc. was the agent in procuring the policy. Rec. Doc. No. 1-2, p. 24. USAA GIC submitted sworn interrogatory responses indicating that the individuals who allegedly made the misrepresentations to the plaintiff were managed, supervised and directed by USAA Insurance Agency and were not employees of USAA. Rec. Doc. No. 112, Exh. A. Therefore, USAA has no place in this controversy over whether an employee of USAA Insurance Agency followed the plaintiff's directives in securing the desired coverage in his policy issued by USAA GIC.

The Court finds that the plaintiff, as a matter of law, is unable to maintain his claim against USAA, either directly, or indirectly through a theory of corporate veil piercing. Accordingly, defendant USAA is improperly joined in this matter. Because the diversity of all the defendants from the plaintiff has now been conclusively established, this Court finds that it has jurisdiction under 28 USC §1332 and the matter should not be remanded to state court for further proceedings.[2] As such, the Court will now take up the remaining motions.

**IV.     USAA'S MOTION TO DISMISS**

This motion is **GRANTED** in accordance with the Motion to Remand.

**V.      USAA INSURANCE AGENCY'S MOTION TO DISMISS**

**A.     Standard for Motion to Dismiss**

---

[2]Because this Court is satisfied that diversity jurisdiction exists, the Court finds it unnecessary to determine whether federal claims are present to create federal question jurisdiction under 28 USC §1331.

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), courts have found that dismissal "is viewed with disfavor and is rarely granted." Lowery v. Texas A&M University System, 117 F.3d 242, 247 (5th Cir. 1997); Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir.2002); Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1980). A district court may not dismiss a complaint under FRCP 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Ramming v. United States, 281 F.3d 158, 161 (5th Cir.2001); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); Blackburn v. Marshall, 42 F.3d 925, 931 (5th Cir. 1995). The Fifth Circuit defines this strict standard as, "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Lowrey, 117 F.3d at 247 (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969)).

**B.    Peremption**

Defendant USAA Insurance Agency filed this motion to dismiss stating that as a matter of law, the plaintiff cannot state a claim against it, as any such claim has been perempted in accordance with La. R.S. 9:5606(A). This statute provides:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be

> brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. R.S. 9:5606(A).[3] Section (D) of the statute makes clear that the one and three year periods set forth above are meant to be peremptive periods within the meaning of Civil Code Articles 3458 and 3461 and may not be renounced, interrupted or suspended. Id. at (D). The one-year peremptive period for claims of insurance agent liability begins to run from the date the plaintiff discovered or should have discovered the alleged act, omission, or neglect. Huffman v. Goodman, 784 So.2d 718 (La. Ct. App. 2d Cir. 2001)(emphasis added); see also, Atlas Iron and Metal Co. v. Ashy, 918 So.2d 1205, 1210 (La. Ct. App. 3d Cir. 2006)(concerning legal malpractice, and beginning the peremptive period at the time of constructive knowledge)(citing Percy v. State, E.A. Conway Memorial Hosp., 478 So.2d 570 (La.App. 2 Cir.1985)).

**C.     Constructive Knowledge**

USAA Insurance Agency argues that under Louisiana law, an insured is presumed to know the provisions of his policy. Matthews v. Business Men's Assur. Co. of America, 478 So.2d 634, 637 (La. Ct. App. 2d Cir. 1985); Perkins v. Shelter Ins. Co., 540 So.2d 488 (La. Ct. App. 1st Cir.1989). The insured in this case held and renewed a policy with no contents coverage for several years. In fact, plaintiff received a renewal notice on June 21, 2005 that

---

[3] As an initial matter, plaintiff argues that this statute does not apply to USAA Insurance Agency, Inc. because it is not an agent or broker licensed by the State of Louisiana. This is directly contradicted by the Louisiana Department of Insurance's listing of USAA Insurance Agency, Inc. as a licensed insurance agency, License Number 288467. Rec. Doc. No. 117-7, p. 1.

advised him that he had $0 contents coverage and that up to $100,000 contents coverage was available. Rec. Doc. No. 1-2, p. 24. The availability of contents coverage up to $100,000 is plainly stated at the bottom of the renewal notice:

MAXIMUM INSURANCE AVAILABLE – BUILDING: 250,000    CONTENTS: 100,000

Rec. Doc. No. 1-2, p. 24.

In Larmann v. State Farm Ins. Co., 2005 WL 357191 (E.D. La. 2005)(Porteous, J.), the plaintiffs alleged that they specifically asked their insurance agent for the "best insurance" available. Id. at *1. The defendants argued that any extra-contractual claims were preempted by the NFIP because Congress delegated the specific authority to the Federal Emergency Management Agency (FEMA) to determine the scope of the coverage afforded by the SFIP. Id. (citing 42 U.S.C. §4013(a)). This Court noted that "a citizen seeking to benefit from a federal benefit program is charged with the responsibility of familiarizing himself with the requirements of that program." Id. at *4 (citing Heckler v. Community Health Services of Crawford County, Inc., 467 U.S. 51, 63, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984)). In that case, all of the plaintiffs' claims "involved allegations of misrepresentations by the Agents as to the amount and extent of coverage on their residence under the SFIP." Id.

The allegations in this case are that misrepresentations were made as to the availability of $100,000 of contents coverage, above and beyond the $250,000 of structure coverage. The provisions of the SFIP are made available to the public in the Code of Federal Regulations. As stated in Larmann, this makes SFIP different "from a typical, privately issued insurance policy because 'the insured has an additional outlet to which to turn to obtain information about the

terms of the policy." Id. (citing Richmond Printing, L.L.C. v. Director, FEMA, 72 Fed. Appx. 92, 98, 2003 WL 21697457 (5th Cir.2003)). Consequently, and in accordance with Larmann, the insured is charged with the constructive knowledge of the provisions of the SFIP, including the amount of coverage available. In this case, the plaintiff notes in his petition that the policies covering his previous homes on East William David Parkway and on Toledano Street were covered by structure *and* contents coverage. Rec. Doc. No. 1-2, p. 4, ¶18. As the plaintiff is deemed to have knowledge of the contents of his policies, his curiosity should have been peaked when his policy on his home at Beresford Drive stated no contents coverage. With this knowledge, and public nature of information about the NFIP program, the plaintiff had constructive knowledge sufficient to start the peremptive period. The policy on this home that did not conform with the plaintiff's desires for "adequate insurance" was issued in 2002, thus with constructive knowledge of the NFIP regulations, the claim would be perempted in 2003.

Plaintiff argues that the defendant's continuous assurances that he had the "best available" insurance serve to restart the running of prescription. Plaintiff relies on Fidelity Homestead Ass'n v. Hanover Ins. Co., 458 F. Supp.2d 276, (E.D. La. 2006), wherein Judge Berrigan ruled that while renewals of insurance policies usually do not operate to restart peremption, renewals can be the basis of separate torts, if the complained of conduct constitutes "separate and distinct acts." Id. at 280. This argument must fail because representations regarding the extent and scope of coverage under the SFIP that are contrary to its terms and provisions are void as a matter of federal law. 44 CFR §61.5(e). Therefore any statements made by USAA Insurance Agency employees that $100,000 in contents coverage was not available

would be void as a matter of law because such statements about the extent of coverage available would be directly inconsistent and contradictory to the codified SFIP provisions and the face of the policy.  It would also be unreasonable to *rely* on such statements and consider them continuing separate and distinct acts when the clear text of the published and publicly available SFIP provisions *and* the policy itself state the contrary.

### D.    Actual Knowledge

Notwithstanding the plaintiff's constructive knowledge before 2005,  plaintiff's petition states he gained actual knowledge of the fact that he did not have all available coverage in September 2005, when he contacted NFIP and learned that he had no contents coverage, despite the fact that "$100,000 of coverage for personal property was and is readily available through NFIP."  Rec. Doc. No. 1-2, p. 7, ¶28.  Therefore, the latest possible date at which the plaintiff could argue he received actual knowledge of his lack of, and the availability of, contents coverage is September 2005.

Plaintiff filed suit in December 2005 against USAA GIC and USAA CIC, which would be within one year from the discovery if the running of peremption were to begin with the plaintiff's actual knowledge.   However, USAA Insurance Agency, the party against whom the plaintiff now basis his complaint, was not joined in this suit until February 2007, after Magistrate Judge Wilkinson allowed the plaintiff leave to file his amended and supplemental complaint. Rec. Doc. No. 78.    Plaintiff amended the complaint *adding* new parties, USAA Insurance Agency, Inc. and United Services Automobile Association to USAA CIC and USAA GIC.  Rec.

Doc. No. 79.[4]  Therefore, even if the running of the peremptive period began with actual knowledge, gained at latest in September 2005, the plaintiff's claims would be perempted by September 2006, before the filing against USAA Insurance Agency.

The only way that the plaintiff could argue that the peremptive period had not run for his claims against USAA Insurance Agency is if he can establish that the complaint against USAA Insurance Agency filed in February 2007 should relate back to the original filing of the complaint in December 2005.  Plaintiff argues that the acts or omissions that form the basis of the plaintiff's claims occurred in July 2005.  The Court has already rejected this argument, based on the plaintiff's constructive knowledge.  However, even assuming, *arguendo*, that the acts or omissions occurred in July 2005 sufficient to restart the running of peremption, the plaintiff's contention that the claims have not been perempted still fails.

When a plaintiff amends a complaint to add a new defendant, but the plaintiff does so after the running of the relevant peremptive period, Rule 15(c)(3) governs.  The rule states:

> an amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides that statue of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party

---

[4] Since that time, both original defendants, USAA GIC and USAA CIC have been dismissed.

>against whom a claim is asserted if the foregoing provision (2) is satisfied ***and***, <u>within the period provided for by Rule 4(m) for service of the summon and complaint</u>, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudice in maintaining a defense on the merits, ***and*** (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FRCP 15(c)(emphasis added). In order for this provision to apply, several conditions must be met, that independently are insufficient. The amendment must (a) change the party or the naming of the party; *and* (b) the claim or defense asserted in the amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading *and* (c) it is brought within the period provided for by rule 4(m), *and* (d) the new party has received notice of the institution of the action such that it will not be prejudiced *and* (e) that party knew or should have known that, but for a mistake of *identity* of the proper party, it would have been named originally. Id. (emphasis added).

Plaintiff argues his claims clearly arose out of the occurrence set forth in the original pleading, and that USAA Insurance Agency was on notice of the action in 2005 and that it would not be prejudiced in maintaining a defense at this time. However, this argument is misplaced as the circumstances do not meet *all* the requirements of the Rule.

The conditions for relating back subsequent amendments to the date of original pleadings was addressed in <u>Tufaro v. Board of Com'rs for Orleans Levee District, et. al.</u>, 2003 WL 21276344 (E.D. La. 2003)(Wilkinson, Magistrate J.)(discussing <u>Jacobsen v. Osborne</u>, 133 F.3d 315, 319 (5th Cir, 1998)). The court noted that the time period provided by rule 4(m) for

16

service of summons and complaint is 120 days. Id. at *2.  This is an essential element of relating back under Rule 15(c)(3).  The court held that rule 15(c)(3) did not apply, and therefore the plaintiff could not relate back to the original petition, because the defendants did not receive notice within the required period. Id. at 3.

      Plaintiff here asserts that USAA Insurance Agency had notice of the filing of the original petition sufficient to satisfy Rule 15 because USAA, the parent company, had notice of the suit in December 2005.  Plaintiff did not file suit against USAA in 2005, but against USAA GIC and USAA CIC.  Nevertheless, plaintiff argues that its pre-suit correspondence with USAA about the suit against USAA GIC and USAA CIC put USAA on notice of its possible claims against USAA.  Now plaintiff claims that USAA's constructive knowledge that the plaintiff might have a claim against it *also* put USAA Insurance Agency on notice that it might too be added to the suit.  The Court finds this argument too attenuated.  There is insufficient evidence for this Court to conclude that notice to the parent company, who had not even been named in the suit at that time, imputes notice to its subsidiary company, USAA Insurance Agency.  Plaintiff offers no such evidence in his opposition to this motion or in his motion to remand, other than to note that USAA "the owner of USAA Insurance Agency Inc., clearly had notice of plaintiff's claims at the time that the original petition was filed," based on letters written to USAA's agents. See Rec. Doc. No. 113, p. 2;  Doc. 110-2, p. 14.  As previously noted in this order, each of the entities in this matter are separate and distinct and without actual evidence that one shared its notice or knowledge with the other, the Court will not impute that knowledge.

      Additionally, an amendment of a complaint with relation back is generally only permitted

to correct "a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued. But a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run." Wilson v. U.S. Government, 23 F.3d 559, 563 (1st Cir. 1994)(citing Worthington v. Wilson, 8 F.3d 1253, 1256 (7th Cir.1993) (quoting Wood v. Woracheck, 618 F.2d 1225, 1229 (7th Cir.1980)); See also, Jacobsen v. Osborne, 133 F.3d 315, 321 (5th Cir, 1998). Here, the plaintiff has argued that he was confused as to which USAA entity was the proper party to sue. In this case, there should have been "no mistake concerning the identity of the proper party" because the plaintiff's own complaint exhibit, the policy in question, listed USAA Insurance Agency as the agent to the policy. Id. Plaintiff fully intended to sue USAA GIC and USAA CIC, and did so, and it turned out those were the wrong parties. Plaintiff did not misspell the USAA entity, USAA GIC or CIC, but disregarded the plain print of his insurance policy stating the correct name of the insurance agency. As the court exactly noted in the Wilson case, Rule 15(c) is not designed to remedy such a mistake. 23 F.3d at 563.

For the foregoing reasons, the amended complaint does not relate back to the filing of the December 2005 complaint. As such, even if the running of peremption were to being in 2005 with actual knowledge gained in September or in July under a "separate and distinct act" theory as the plaintiff avers, the cause of action against USAA Insurance Agency would have been perempted in 2006, before the February 2007 filing against it. As such, plaintiff cannot maintain a cause of action against USAA Insurance Agency, Inc.

Accordingly, **IT IS ORDERED THAT** Plaintiff's Motion to Remand be **DENIED**, Defendant United Services Automobile Association's Motion to Dismiss be **GRANTED**, and Defendant USAA Insurance Agency, Inc.'s Motion to Dismiss be **GRANTED.**

New Orleans, Louisiana, this 27th day of July, 2007.

```
                         _____
                              UNITED STATES DISTRICT JUDGE
                                  G. THOMAS PORTEOUS, JR.
```