UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRUCE V. SCHEWE                                                    CIVIL ACTION

VERSUS                                                             NO. 06-881

USAA CASUALTY INSURANCE
COMPANY  ET AL                                                     SECTION "T"(2)

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for a New Trial relative to the Court's July 27, 2007, Order denying Plaintiff's Motion to Remand and granting United Services Automobile Association's Motion to Dismiss Plaintiff's Petition and Amended Complaint and granting USAA Insurance Agency, Inc.'s FRCP12(b)(6) Motion to Dismiss.  Rec. Doc. 149.  The United Services Automobile Association and USAA Insurance Agency, Inc., filed Oppositions to the Motion.  Rec. Doc. 160, 162.  The Motion was set for hearing without oral argument on September 19, 2007, and was taken under submission.  The Court, having considered the arguments of the parties, the record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**I.    BACKGROUND**

Plaintiff, Bruce Schewe (hereinafter, "Schewe") purchased homeowners insurance and flood insurance from USAA Casualty Insurance Company (hereinafter, "USAA CIC") and USAA General Indemnity Company(hereinafter,"USAA GIC") beginning in approximately 1979. Rec. Doc. No. 1, p. 1-2, ¶ 5.  Schewe built a new home in Metairie, Louisiana between 2001 and early 2002, and advised these Defendants that he wanted the maximum insurance coverage available on the home. *Id.* at p. 3, ¶ 13.  Defendants allegedly procured flood insurance for Schewe in the amount of $250,000 and repeatedly informed him that he had the maximum amount of flood coverage

1

available. *Id.* at p. 4, ¶ 17.  However, Schewe alleges that he could obtain up to $100,000 of flood coverage on his contents as well as supplemental flood insurance for the structure of his home and Defendants failed to procure this additional available coverage on his behalf. *Id.* at ¶ 26.

Schewe's home suffered damage as a result of Hurricane Katrina and he alleges he suffered approximately $110,000-$120,000 of uninsured losses as a result of defendant's failure to procure appropriate additional insurance coverage. *Id.* at ¶ 26.  This suit followed on December 14, 2005 and named only USAA CIC and USAA GIC as Defendants.  The action was originally filed in the Civil District Court, Parish of Orleans, State of Louisiana, asserting the following state law tort claims: (i) breach by USAA GIC and USAA CIC of the state law duty to procure insurance coverage that met his needs; and (ii) violations of USAA GIC and USAA CIC's duty of good faith and fair dealing by failing to address his post-hurricane inquiries in an appropriate manner.  The action was removed to federal Court on February 21, 2006,with consent of all defendants.  Rec. Doc. Nos. 1, 2.

Plaintiff timely filed a Motion to Remand which was denied after oral argument by Judge Vance.  Rec. Doc. 21.  USAA CIC and USAA GIC filed Motions for Summary Judgment on January 4, and 5, 2007, respectively.  Rec. Docs. 33, 35.  The Motions were set for hearing January 24, 2007.  USAA CIC was voluntarily dismissed on February 22, 2007.  Rec. Doc. 92.  USAA GIC's Motion was continued until June 27, 2007.  Rec. Doc. 105.

On January 8, 2007, Shewe filed a Motion for Leave to File Amending and Supplemental Complaint which was granted by the Magistrate on January 31, 2007.  Rec. Doc. No. 78.  By this filing, Plaintiff added defendants United Services Automobile Association (hereinafter, "USAA") and USAA Insurance Agency, Inc. (hereinafter, "USAA Insurance Agency").  Rec. Doc. No. 79.

On April 17, 2007, USAA filed a Motion to Dismiss Plaintiff's Petition and Amended Complaint. Rec. Doc. 106.  USAA Insurance Agency also filed a Motion to Dismiss on April 17, 2007.  Rec. Doc. 107.  On June 12, 2007, Schewe filed a Motion to Remand alleging diversity was lacking because USAA was not a completely diverse Defendant from Plaintiff.  Rec. Doc. 110.

The action was transferred to this Section on June 18, 2007.  Rec. Doc. 123.  A status conference was held and the Court re-set the Motions to Dismiss by USAA and USAA Insurance Agency as well as Plaintiff's Motion to Remand for hearing on July 19, 2007.  Rec. Doc. 129. Plaintiff moved to dismiss the claims against the sole remaining original Defendant, USAA GIC without prejudice and USAA GIC requested that such dismissal be with prejudice.  The Court granted the Motion to Dismiss with prejudice. Rec. Doc. 151.  All remaining pending Motions were taken under submission after the July 19, 2007, hearing.

On July 27, 2007, this Court denied Schewe's Motion to Remand, granted USAA's Motion to Dismiss and granted USAA's Insurance Agency's Motion to Dismiss.  Rec. Doc. 149.  Judgment dismissing the case was entered the same day. Rec. Doc. 150.  Schewe timely filed this Motion for a New Trial on all issues.  Rec. Doc. 152.

## II.   LAW AND ANALYSIS

### A.   *FRCP 59 Motion for New Trial.*

The Federal Rules of Civil Procedure provide that any party may file a motion to alter or amend a judgment within ten business days after its entry.  FRCP 59(e).  Under Rule 59, a district court enjoys considerable discretion in granting or denying such a motion.  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990); *First Commonweatlh Corp. v. Hibernia Nat. Bank of New Orleans*, 891 F.Supp. 290 (E.D.La. 1995), amended 896 F.Supp. 634,

aff'd 85 F.3d 622. There are certain grounds upon which a Court may grant a Rule 59 motion for reconsideration or to alter or amend the judgment. These grounds include: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available becomes available, or (3) it is necessary to correct clear error of law or to prevent manifest injustice. *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F.Supp. 1216 (D.N.J. 1993). Reconsideration is an "extraordinary remedy which should be used sparingly and should not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment." *Lafargue v. Jefferson Parish*, No. 98-3185, 2000 WL 174899, *1 (E.D. La. 2000).

      **B.**    *Plaintiff's Motion to Remand* **and** *USAA's Motion to Dismiss***.**

The Court found that USAA was fraudulently joined. Since it was the only party destroying diversity jurisdiction, the Court found jurisdiction absent USAA and therefore, denied Plaintiff's Motion to Remand. Rec. Doc. 149. The Court's ruling was based upon its finding that USAA could not be found liable for the actions of separate and distinct USAA entities as Plaintiff alleged. Rec. Doc. 149 at pp. 7-9. Schewe requests a New Trial on the remand issue arguing that USAA is not improperly joined as it was the principal of, and maintains sufficient control over, the "Membership Representatives;" therefore, USAA bears the responsibility for the errors and omissions of these representatives regardless of whether a wholly owned subsidiary of USAA employs the representatives. Rec. Doc. 152 at p. 7. Because the issues raised on the reconsideration of the Motion to Remand and the reconsideration of USAA's Motion to Dismiss are closely related, the Court considers both arguments in this section.

Schewe argues only that his claim against USAA should not be dismissed because USAA

is liable as the principal in control of the "Membership Representatives" which failed to procure the coverage he required. Rec. Doc. No. 152, p. 5-6. In its July 27, 2007, this Court found that the "Membership Representatives" were managed, supervised and directed by USAA Insurance Agency and not USAA. Schewe is re-urging the substance of the claim he raised in opposition to USAA's Motion to Dimiss. He has not alleged nor successfully demonstrated that any of the requirements of FRCP 59(e) merit reconsideration of this Court's prior ruling on this issue. Accordingly, as there has not been a change in the controlling law, there has been no evidence presented in the instant Motion was which was previously unavailable and the Court's determination that USAA did not control the "Membership Representatives" was not a clear error of law, Schewe's Motion for New Trial on the issue of USAA's dismissal and the issue of remand is **DENIED**.

### C. *USAA Insurance Agency, Inc's Motion to Dismiss*

#### i. *Application of La. R.S. 9:5606*

Schewe alleges that the grant of USAA Insurance Agency's Motion to Dismiss is erroneous because the USAA Insurance Agency was not his agent, and therefore should not have been able to raise La. R.S. 9:5606(A) as a shield to his claims. Rec. Doc. No. 152, p. 8.

La. R.S. 9:5606(A) provides:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

LSA-R.S. 9:5606 (A).

The Court reviewed the evidence as it was presented in the original Motion to Dismiss by USAA Insurance Agency and in Plaintiff's Opposition. Based upon that evidence, the Court found that this statute was applicable to Plaintiff's claims against the Agency. There has not been a change in the controlling law and no evidence has become available which was previously unavailable which would mandate altercation or amendment of the Judgment. Additionally, the Court cannot find that USAA Agency was not an agent, broker, or solicitor engaged in providing insurance services as Schewe requests because: (1) Schewe referred to USAA's "Member Representatives" whom he spoke with on the phone as his agents and/or brokers;[1] therefore, defeating his claim that the USAA Insurance Agency does fall under the statute; and (2) Schewe argues this defendant failed to procure claims, which requires the failure on the part of an insurance agent or broker.[2] Accordingly, there was no clear error of law in this Court's application LSA-R.S. 9 5606 (A) to the claims raised against Defendant, USAA Insurance Agency, Inc. Accordingly, the Motion for New Trial on the issue of the applicability of LSA-R.S. 9:5606 (A) is **DENIED.**

### ii.  *Claims Were Timely Under La. R.S. 9:5606*

Schewe next argues, alternatively, in the event LSA-R.S. 9:5606 is applicable, his claims are timely. Rec. Doc. No. 152, p. 12. Schewe points to language in the statute which provides that an action be filed "within one year from the date that the alleged act, omission, or neglect is discovered

---

[1] Mr. Schewe's mistaken belief that the "Membership Representatives" were under the control of USAA and not USAA Insurance Agency is irrelevant. He claimed in his letters that the representatives acted on behalf of his broker/agent, and that they had therefore breached a fiduciary duty to him to procure insurance. *See*, September 23, 2006 letter, attached to Schewe's Motion for Reconsideration as Ex. F at p. 3.

[2] In his Motion for Reconsideration, Mr. Schewe specifically states that, "...Mr. Schewe sued private persons for their breaches of their commitments, error/omissions and failures to procure insurance per his directions." Rec. Doc. No. 152.

or *should have been discovered.*" *Id.* (emphasis added).  In its July 2007 Order, this Court found Plaintiff had constructive knowledge as early as 2002, that his home did not have the coverage he desired when he received his policy providing the lower flood coverage limit and no contents flood coverage.  Rec. Doc. 149 at p. 13.  Thus, when no suit was filed within a year of that date, the claim was preempted.  The Court rejected the argument that continuous assurances by the Defendants providing that Plaintiff had adequate coverage would prolong or renew the time period when the statutory period began to run. Rec. Doc. 149 at p. 13.  Nevertheless, Plaintiff now argues that he did not "informally" learn until December 2006, that USAA Insurance Agency employed the two "USAA Membership Representatives" he discussed his coverages with in 2005.  This argument is without merit because the policy provided that the procuring agent was USAA Insurance Agency; therefore, any argument that Plaintiff did not know who the agent was until December 2006 is suspect and rejected.

Accordingly, reconsideration of the Court's prior ruling charging Plaintiff with knowledge in 2002, and finding that he was aware that his policy did not provide the coverages he now claims he requested and should be owed is denied.  Since the time of this Court's July 2007, Order there has been no change in controlling law, no new evidence on the issue and no clear error of law.  The statute of limitations begins when the claimant discovers the "alleged act, omission, or neglect" which occurred, not the party responsible.  *See* LSA-R.S. 9:5606 (A).  The Court has determined that knowledge occurred in 2002 and therefore, the Motion for New Trial is **DENIED.**

### iii.  *Fraud Under La. C.C. Art. 1953*

Schewe next argues that USAA and affiliated entities committed fraud by withholding the names of the USAA entities that employed/controlled USAA Insurance Agency's "Membership

Representatives." Rec. Doc. No. 152, p. 14. Fraud is defined by La. C.C. Article 1953 as, "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." *Id.* Schewe raises the issue of fraud under article 1953 for the first time in his motion for reconsideration. However, the fraud argument is irrelevant and misplaced in light of the Court's ruling in sub-section C (ii) and therefore, is not considered.

### iv. *Application of FRCP 15(c)(1)*

Schewe next alleges that the Court erred by applying FRCP15(c)(3). He claims that FRCP 15(c)(1)should have been applied. FRCP15 governs the "relation back" doctrine. FRCP 15(c)(1) provides that a party's amended complaint relates back to the original pleading when the law that provides the statute of limitations allows for it. Thus, Schewe argues that La. C.C.P. 1153 allows a more lenient rule and therefore permits relation back to the original complaint. This argument has been expressly rejected by this Court. *See Allstate Ins. Co. v. Torres*, slip copy, 2007 WL 3102791, *3 (E.D. La. 2007)(explaining that because La. C.C.P. 1153 is based on FRCP 15(c) it does not allow a more lenient relation back doctrine). In fact, Louisiana courts have required additional criteria similar to those required in the federal rules. *Findley v. City of Baton Rouge*, 570 So.2d 1168, 1170 (La. 1990) *citing Ray v. Alexandria Mall*, 434 So.2d 1083 (La. 1983). These criteria are as follows:

> (1) The amended claim arises out of the same transaction or occurrence set forth in the original pleading;
>
> (2) The purported substitute defendant has received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits;
>
> (3) The purported substitute defendant knows or should know that but

> for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
>
> (4) The purported substitute defendant is not a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

*Id.* This language is almost identical to that of Rule 15(c)(3). Therefore, whether 15(c)(3) or 15(c)(1) applies is irrelevant. This Court has already spent a great deal of time addressing both whether USAA Insurance Agency was on notice of the action in 2005 and whether it would be prejudiced in maintaining a defense. Rec. Doc. No. 149, p. 16-17. Schewe has failed to bring forward any new evidence which would allow this Court to reconsider its finding that USAA Insurance Agency was not given the necessary notice to a possible action against it. As Schewe has not demonstrated any of the grounds which afford relief under FRCP 59(e) on the relation back issue, reconsideration of this claim is also **DENIED.**

### III.　CONCLUSION

After reviewing each of the grounds asserted in the Motion for Reconsideration of USAA Insurance Agency's Motion to Dimiss, USAA's Motion to Dismiss and Plaitniff's Motion to Remand, and for the reasons asserted herein, the Court denies Plaintiff's request for relief under FRCP 59(e). The Judgment previously entered dismissing this action with prejudice stands.

Accordingly.

**IT IS ORDERED** that the Plaintiff's Motion for a New Trial (Rec. Doc. No. 152) be, and

the same is hereby **DENIED.**

New Orleans, Louisiana, this 11th day of March, 2008.

                                              **G. THOMAS PORTEOUS, JR.**
                                              **UNITED STATES DISTRICT JUDGE**